## JOHNSON, ET AL. V. J. & B. F. PETTY.

1. In summary proceedings against a constable and his sureties, for money collect-ed on execution, the circuit or county court has jurisdiction, where the amount in controversy exceeds fifty dollars; and the notice in such case may be direct-ed to the sheriff to be served.

2. It is no objection to a notice issued to a constable and his sureties, preparatory to a motion against them, to recover money collected by the former on execu-tion, that instead of setting out the first names of the plaintiffs at length, the in-itials only are stated.

3. Where the record recites that an issue was tried, without disclosing what the issue was, the legal intendment is, that it was a mere denial of the allegations of the plaintiff.

4. In a proceeding against a constable and his sureties by notice, to recover money collected by the former on execution, the plaintiff is not entitled to recover, upon proof that a constable had levied an attachment in his favor, and that the de-fendant therein had placed in the constable's hands, money, or property, to indem-nify him for a liability incurred by the failure to take a replevying, or bail bond. Perhaps an action would lie in such case for a breach of official duty.

WRIT of Error to the Circuit Court of Barbour.

This was a proceeding under the statute, at the suit of the de-fendants in error, to recover of the plaintiffs the amount collect-ed by Johnson, as constable, on an execution issued by a justice of the peace of Barbour, in favor of the plaintiffs below, against John Davis, for the sum of forty-nine dollars and sixty-eight cents, besides costs. The notice is addressed to the defendants, the first of whom is described as a constable, &c., and the two latter as the sureties in his official bond; it informs them, that the Cir-cuit court will be moved, for judgment against them, for the amount of the execution, debt, interest and costs, and also the damages allowed by law, for the failure to pay, on demand, the money collected.

The defendants moved the court to quash the notice, 1, be-cause it was not properly directed; 2, because it does not al-lege that the money was collected by Johnson as a constable; 3, because it does not show under what statute the proceeding is had, or the amount of damages claimed. This motion was over-

Johnson, et al. v. J. & B. F. Petty.

ruled, and the case was thereupon tried by a jury on issue.    On the trial the defendants excepted to the ruling of the court.    It was proved that an attachment had issued in favor of the plaintiffs against Davis, and afterwards an execution was issued on a judgment rendered on the attachment; that the attachment was levied by Johnson as a constable, but Davis removed the property attached without giving bond; Johnson pursued him to another State, and there Davis made him satisfaction for his liability on the attachment; all which occurred previous to the time the execution issued.    Under these facts, the defendants, by their counsel, moved the court to instruct the jury, that if they believed the money (if any) was paid on the attachment before the execution issued, they must find for the defendants; which charge was refused, and the court instructed the jury, that if they believed the money was paid by Davis to Johnson, either on the attachment or execution, they must find for the plaintiff, without inquiring on which it was paid.    A verdict was returned for the plaintiffs, and a judgment was thereupon rendered.

WILEY, for the plaintiffs in error.
G. GOLDTHWAITE, for the defendants.

COLLIER, C. J.—The act of 1826, " to authorize sheriffs to serve notices," conferred upon that officer the power to execute all notices that may be necessary and proper in any suit in chancery, or in the circuit or county courts.    [Aik. Dig. 280.]    The statute of 1824, under which this proceeding was instituted, gives to the two last courts jurisdiction of a case of this character, where the amount sought to be recovered exceeds fifty dollars.    There can then, be no doubt that the plaintiffs very properly addressed their notice to the sheriff to be executed.

In respect to the second objection to the notice, that it does not set out the first names of the plaintiffs at length, we think it also unavailing.    They are, it is fair to suppose, described by the name in which they do business together, and most probably designated as they were in the execution against Davis.    At any rate, their names are set out in such a manner as to enable the defendants to understand who they are called on to answer.

The third objection is not sustained by the record, for it is explicitly alleged that the money was collected by Johnson, as a

67

constable, in virtue of the execution, &c. If there were more statutes than one, on which a motion of this kind could be made in the Circuit court, then the notice should state under which it was made, but it being authorized alone by the act of 1824, [Aik. Dig. 175,] the defendant could not have been misled, but must have looked to that statute as prescribing the mode of procedure, and the measure of the recovery. This view disposes of the objections to the notice, and shows that they were rightly overruled.

The notice informs the defendants below that the plaintiffs will move for a judgment for the failure of Johnson to pay over the amount of an execution collected by him as constable. An issue was tried, which, as its terms are not shown by the record, must at least be intended to have been a denial and re-affirmance of these facts. This being the case, it was clearly incumbent on the plaintiffs to prove that if any money had been collected by Johnson, that it was received by him under the authority of the execution. Proof that he had levied an attachment, and that the defendant therein had placed in his hands money or property, in order to indemnify him for a liability incurred by the failure to take a replevying or bail bond, did not support the allegations of the notice, and could not, even according to the liberal rules of pleading, have authorized a recovery. But this is a case *strictissimi juris*, the statute under which it was commenced is exceedingly penal, inflicting upon the constable and his sureties for the breach of duty alleged, damages on the amount collected at the rate of *ten per cent. per month*, up to the rendition of the judgment, and five per cent. per month thereafter till paid. It is needless to extend the consideration of this point to greater length, as we have repeatedly held, that an officer is not liable by motion, under the statute for a failure to pay over money collected, unless it was received in virtue of process in his hands, and in full force. Here, it is clear that money was not collected on the execution ; the attachment did not authorise its collection ; and even if it did, it was not paid to satisfy the plaintiffs demand, but to indemnify the constable. Johnson may have been liable to an action for a breach of duty, and the money or property received from Davis may perhaps have been recovered from him in some other proceeding. In refusing to instruct the jury as prayed, and in the charge given, it will follow from what has been said that the Circuit court erred. Its judgment is consequently reversed, and the cause remanded.